J. Scott Carr (SBN 136706)
scarr@kcozlaw.com
Kristapor Vartanian (SBN 275378)
kvartanian@kcozlaw.com
KABAT CHAPMAN & OZMER LLP
515 S. Flower Street, 36th Floor
Los Angeles, California 90071
Telephone:(213) 493-3980
Facsimile: (404) 400-7333

William J. Sheppard (*pro hac vice*)
wsheppard@jamesbatesllp.com
L. Joseph Potente (*pro hac vice*)
jpotente@jamesbatesllp.com
JAMES-BATES-BRANNAN-GROOVER-LLP
3399 Peachtree Road NE, Suite 1700
Atlanta, Georgia 30326
Telephone: (404) 997-6020
Facsimile: (404) 997-6021

Attorneys for Defendant Berwyn Partners, Inc.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| S.R. MITCHELL,<br><br>       Plaintiff,<br><br>vs.<br><br>PETER HENNESSY FORD, d/b/a Hennessy Automotive Companies, d/b/a Hennessy Ford Lincoln Atlanta (collectively Hennessy Ford);<br>BERWYN PARTNERS, INC., d/b/a Hennessy Automotive Companies, d/b/a Hennessy Ford Lincoln Atlanta (collectively Hennessy Ford)<br>AND DOES 1-100.<br><br>       Defendants. | **CASE NO:** 4:18-cv-1991- JSW<br><br>**DEFENDANT BERWYN PARTNERS, INC.'S RELY TO PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**<br><br>Hon. Jeffrey S. White<br><br><u>Hearing</u><br>Date: July 6, 2018<br>Time: 9:00 a.m.<br>Location: Courtroom 5 (2nd Floor) |

# **TABLE OF CONTENTS**

Page

TABLE OF CONTENTS ........................................................ i

TABLE OF AUTHORITIES.................................................. ii

SUMMARY OF THE ARGUMENTS........................................... S-1

REPLY IN SUPPORT OF MOTION TO DISMISS .......................... 1

I.      STATEMENT OF RELEVANT FACTS ................................. 1

II.     ARGUMENT AND CITATIONS OF AUTHORITY............................ 1

        A.      Hennessy Ford is not subject to personal jurisdiction in
                California ................................................ 1

                1.      Hennessy Ford did not purposefully direct its
                        conduct toward California .................................... 2

                2.      Any harm Plaintiff claims to have suffered did not
                        arise from Hennessy Ford's contacts harm
                        California ................................................ 6

                3.      The exercise of jurisdiction over Hennessy Ford
                        would be unreasonable ........................................ 7

        B.      Venue is not proper in this Court.................................. 10

        C.      If not dismissed, this action should be transferred to the
                United States District Court for the Northern District of
                Georgia................................................................... 12

III.    CONCLUSION ...................................................... 16

# TABLE OF AUTHORITIES

**Cases**

Walden v. Fiore, 134 S. Ct. 1115 (2014)...................................................... S-1, 2

Helicopteros Nacioiales de Colombia S.A. v. Hall, 466 U.S.
      408 (1984) ........................................................................................ 2

Burger King v. Rudzewicz, 471 U.S. 462, 475 (1985) ...................................... 2

International Shoe Co. v. Washington, 326 U.S. 310 (1945)............................. 1

Morrill v. Scott Fin. Corp., 873 F.3d 1136 (9th Cir. 2017)........................ S-1, 5

Picot v. Weston, 780 F.3d 1206 (9th Cir. 2015) ........................................ S-1, 5

CollegeSource, Inc. v. AcademyOne, Inc., 653 F.3d 1066 (9th
      Cir. 2011)......................................................................................... 4

Pebble Beach Co. v. Caddy, 453 F. 3d 1151 (9th Cir. 2006)............................. 2

Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797 (9th
      Cir. 2004)................................................................................... 1, 2, 3

Jenkins Brick Co. v. Bremer, 321 F.3d 1366 (3rd Cir. 2003) .........................11

Dole Food Co. v. Watts, 303 F.3d 1004 (9th Cir. 2002)............................1, 2, 7

Panavision Int'l L.P. v. Toeppen, 141 F.3d 1316 (9th Cir. 1998)...................... 9

Cybersell, Inc. v. Cybersell, Inc., 130 F. 3d 414 (9th Cir. 1997)......................3

Core-Vent Corp. v. Nobel Industries AB, 11 F.3d 1482 (9th
      1993)............................................................................................ 7, 9

Park v. Dole Fresh Vegetables Inc., 964 F. Supp.2d 1088 (N.D.
      Cal. 2013) ............................................................................ 13, 14, 15

Lou v. Belzberg, 834 F.2d 730 (9th Cir. 1987) ......................................... 13

Buelow v. Plaza Motors of Brooklyn, Inc., No.2:16- CV-02592-
      KJM-AC, 2017 WL 2813179, at *4 (E.D. Cal. June 29,
      2017)......................................................................... S-1, 5, 7, 13

Schreiber v. RedHawk Holdings Corp., 2017 WL 4271972

    (S.D. Cal. 2017)..................................................................... 10, 11

Nelson Motivation, Inc. v. Walton Motivation, Inc. 2016 WL

    4086767 (C.D. Cal. 2016) ........................................................ 8

High Tech Pet Prods., Inc. v. Shenzhen Jianfeng Elec. Pet

    Product Co., No. 1:13-CV-00242 AWI MJS, 2014 WL

    897002 (E.D. Cal. March 6, 2014).......................................... 4

AirWair Int'l Ltd. v. Schultz, 73 F. Supp.3d 1225 (N.D. Cal.

    2014)...................................................................................... 6, 7

Dillon v. Murphy & Hourihane, LLP, 2014 WL 5409040 (N.D.

    Cal. Oct. 22, 2014) .................................................................12

Lawler v. Tarallo, No. C-13-03284-MEJ, 2013 WL 5755685

    (N.D. Cal. Oct. 23, 2013). .................................. S-1, 10, 11, 12

Smith v. Hobby Lobby Stores, Inc., 968 F. Supp. 1356 (W.D.

    Ark. 1997) ............................................................................. 3

Statutes

28 U.S.C. § 1404(a) .........................................................................12

28 U.S.C. § 1319(b).........................................................................10

Cal. Civ. Proc. Code § 410.10 .......................................................... 1

## SUMMARY OF THE ARGUMENTS

First, Plaintiff's Opposition fails to establish personal jurisdiction is proper over Hennessy Ford.  Personal jurisdiction over Hennessy Ford cannot be based on contacts to California through Ford Motor Company or Capital One Automotive Financing.  Walden v. Fiore, 134 S. Ct. 1115, 1126 (2014); Buelow v. Plaza Motors of Brooklyn, Inc., No. 2:16-CV-02592-KJM-AC, 2017 WL 2813179, at *4 (E.D. Cal. June 29, 2017) (holding "although [Plaintiff] correctly points out that the transaction has some California nexus because of the connections to American Honda and Honda Finance, those connections do not relate to the misrepresentations at issue here.").  Moreover, any contacts with California arose incidentally out of a Georgia based transaction, which is insufficient to justify the exercise of personal jurisdiction over Hennessy Ford. Morrill v. Scott Fin. Corp., 873 F.3d 1136 (9th Cir. 2017); Picot v. Weston, 780 F.3d 1206 (9th Cir. 2015).

Second, despite Plaintiff's arguments to the contrary, venue is not proper in this Court.  Hennessy Ford does not reside in this district. Plaintiff has failed to allege any actions by Hennessy Ford in the district. Further, the fact Plaintiff may have incurred some damage in California, is not enough, standing alone, to demonstrate that a substantial part of the events giving rise to her claims occurred in this District.  Lawler v. Tarallo, No. C 13-03284 MEJ, 2013 WL 5755685 (N.D. Cal. Oct. 23, 2013).

Lastly, if the Court does not dismiss this case, this Court should transfer the case to the United States District Court for the Northern District of Georgia based on the convenience of the parties and witnesses and in the interest of justice. A balancing of the seven relevant factors clearly shows such transfer is appropriate in this case.  See Park v. Dole Fresh Vegetables, Inc., 964 F. Supp. 2d 1088 (N.D. Cal. 2013).

<u>**REPLY IN SUPPORT OF MOTION TO DISMISS**</u>

**I.**     <u>**STATEMENT OF RELEVANT FACTS**</u>

The facts relevant to Hennessy's Motion to Dismiss are stated fully in Hennessy's prior submission.  [Doc 28.]  Hennessy restates and incorporates that statement of facts by reference as if set forth fully herein.

**II.**     <u>**ARGUMENT AND CITATIONS OF AUTHORITY**</u>

**A.**     <u>**Hennessy Ford is not subject to personal jurisdiction in California**</u>.

Where a defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is appropriate.  <u>Schwarzenegger v. Fred Martin Motor Co.</u>, 374 F.3d 797, 800 (9th Cir. 2004).   Plaintiff asserts that personal jurisdiction over Hennessy Ford is proper pursuant to the California Long-Arm Statute. California law permits this Court to exercise personal jurisdiction on "any basis not inconsistent with the Constitution of this state or of the United States."  Cal. Civ. Proc. Code § 410.10. "For a court to exercise personal jurisdiction over a non-resident defendant, that defendant must have at least 'minimum contacts' with the relevant forum such that the exercise of jurisdiction 'does not offend traditional notions of fair play and substantial justice.'"  <u>Dole Food Co. v. Watts</u>, 303 F.3d 1104, 1110-11 (9th Cir. 2002) (quoting <u>International Shoe Co. v. Washington</u>, 326 U.S. 310, 316 (1945)).

The Court may exercise "specific" personal jurisdiction over Hennessy Ford if the following requirements are met:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; *or* perform some act by which he purposefully avails himself of the privileges of conducting activities in the forum, thereby invoking the benefits and protections of its laws;

1

(2) The claim must be one which arises out of or relates to the defendant's forum-related activities; and

(3) The exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

Watts, 303 F.3d at 1111.  If any of the three requirements are not satisfied, jurisdiction in the forum would deprive the defendant of due process of law. Pebble Beach Co. v. Caddy, 453 F.3d 1151, 1155 (9th Cir. 2006).  Plaintiff has failed to allege any facts showing Hennessy Ford has sufficient minimum contacts with California to support the exercise of personal jurisdiction over Hennessy Ford in this Court.

        1.     <u>Hennessy Ford did not purposefully direct its conduct towards California.</u>

"Purposeful direction" is analyzed under a three part test:  (1) the defendant committed an intentional act, (2) the act was expressly aimed at the forum state, and (3) the act caused harm that defendant knew was likely to be suffered in the forum state.  Schwarzenegger, 374 F.3d at 803. However, this analysis must focus on the relationship among the defendant, the forum, and the litigation.  Walden v. Fiore, 134 S. Ct. 1115, 1126 (2014). Unilateral conduct of another party or a third person is not an appropriate consideration when determining whether a defendant has sufficient contacts with a forum state to justify an assertion of jurisdiction. Id. (citing to Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 417 (1984)).  A defendant's relationship with a plaintiff or a third party, standing alone, is an insufficient basis for jurisdiction.  Walden, 134 S. Ct. at 1125.  Due process requires that a defendant be hauled into court in a forum state based on his own affiliation with the state, not based on the random fortuitous or attenuated contacts he makes by interacting with another person affiliated with the state. Id. (citing to Burger King v. Rudzewicz, 471 U.S. 462, 475 (1985)). Thus, "a mere

2

injury to a forum resident is not sufficient connection to the forum." <u>Walden</u>, 134 S. Ct. at 1125.

            i.      *Plaintiff alleges three intentional acts of Hennessy Ford.*

In order to satisfy the first prong of the purposeful direction test the Plaintiff must show that Hennessy Ford acted with the "intent to perform an actual, physical act in the real world." <u>Schwarzenegger</u>, 374 F.3d at 806. Plaintiff alleges several connections to the forum state through Capital One Automotive Financing and Ford Motor Company; however, the unilateral conduct of another party or a third person is not an appropriate consideration when determining whether a defendant has sufficient contacts with a forum state. <u>Walden</u>, 134 S. Ct. at 1126. Plaintiff further alleges the following intentional acts: (i) Hennessy Ford posted an advertisement on the internet; (ii) Hennessy Ford then sold the Car to Plaintiff, knowing she was a California resident; and (iii) Hennessy Ford collected and transmitted sales and use taxes to the California DMV. These actions properly set forth an intentional act by Hennessy Ford.

            ii.      *Hennessy Ford did not aim its acts at California.*

The second prong of the "purposeful direction" test asks whether the defendant's allegedly tortious action was expressly aimed at the forum. First, Hennessy Ford's advertisement on TrueCars.com did not specifically target California. Instead, Hennessy Ford posted a passive advertisement clearly seeking to sell the Car in Georgia. Simply posting an advertisement on the Internet does not "mean that company is subject to personal jurisdiction at each and every location on the planet where someone is capable of logging on the Internet." <u>Smith v. Hobby Lobby Stores Inc.</u>, 968 F. Supp. 1356, 1364 (W.D. Ark. 1997) (cited favorably by <u>Cybersell, Inc. v. Cybersell, Inc.</u>, 130 F.3d 414, 418 (9th Cir. 1997)). There must be something more to indicate that the defendant purposefully directed his activity in a substantial way to the forum state.

Cybersell, 130 F.3d at 418. However, Plaintiff has not shown anything more. Plaintiff does not allege the advertisement specifically targeted California residents. Nor does Plaintiff allege any sales made by Hennessy Ford in California. Instead, Plaintiff's FAC clearly states "Plaintiff located the advertisement posted by Hennessy [Ford] on www.TrueCars.com" and "Plaintiff contacted Hennessy [Ford] and made the offer to purchase the car." [Doc. 18 ¶¶ 6, 7.] Further, Plaintiff traveled to Georgia to purchase the Car. [See Doc. 18.] Thus, Plaintiff has failed to provide any evidence the advertisement was substantially directed towards California. Compare High Tech Pet Prods., Inc. v. Shenzhen Jianfeng Elec. Pet Prod. Co., No. 1:13-CV-00242 AWI MJS, 2014 WL 897002, at *7 (E.D. Cal. March 6, 2014) (holding a plaintiff failed to show advertisements on a website were directed at California customers even though sixty percent (60%) of the company's online sales were in North America); with CollegeSource, Inc. v. AcademyOne, Inc., 653 F.3d 1066, 1071-72 (9th Cir. 2011) (Defendant utilized search word advertising through Google AdWords, solicited California colleges and state educational agencies by phone and email and 19% of the 26,000 visits to its website were from unique California IP addresses.) Plaintiff has not shown that Hennessy Ford took any steps to specifically target the forum with its advertisement on TrueCars.com.

Second, the sale of the car to Plaintiff was not purposefully directed at California. Plaintiff's Opposition attempts to center this transaction in California by focusing on the financing for the purchase of the Car. This directly contradicts Plaintiff's characterization of the relationship between the parties in her amended complaint. "Plaintiff did not seek any dealer-assisted financing and came prepared for a cash purchase and or execution of a pre-approved financing offer by Capital One Automotive Financing." [Doc. 18 ¶ 6.] Therefore, based on the Plaintiff's pleadings, the relationship between the parties was exclusively for the

1    "mere delivery of the Vehicle in Georgia."   [Doc. 34.]   Moreover, the court in

2    Buelow v. Plaza Motors held a misrepresentation made by a car dealership in

3    connection with the sale of a car in New York knowing the purchaser was

4    relocating to California was "not tethered to California in any meaningful way."

5    Buelow v. Plaza Motors of Brooklyn, Inc., No.2:16-CV-02592-KJM-AC, 2017

6    WL 2813179, at *4 (E.D. Cal. June 29, 2017) (noting the transactions connection

7    to California through American Honda and Honda Finance in reaching its

8    holding).   Lastly, Hennessy Ford did not deliver the Car to California.   Plaintiff

9    sought out Hennessy Ford in Georgia to purchase the Car.

10        Third, Hennessy Ford's collection and transmission of sales taxes to the

11   California DMV was not expressly aimed at the forum. While the mailing of a

12   letter may constitute entry into the forum state, an "entry" that is merely

13   incidental to an out-of-state transaction does not satisfy the constitutional

14   minimum contacts requirement.   See Morrill v. Scott Fin. Corp., 873 F.3d 1136,

15   1146-47 (9th Cir. 2017); Picot v. Weston, 780 F.3d 1206, 1213 (9th Cir. 2015)

16   (holding defendant's two trips to California did not establish personal jurisdiction

17   because both trips "grew incidentally" out of the broader non-California

18   relationship). The relationship between the parties in this case arose from

19   Plaintiff's purchase of the Car, a transaction that occurred exclusively in Georgia.

20   The communication from Hennessy Ford to the California DMV grew

21   incidentally out of that transaction. Therefore, Hennessy Ford's collection and

22   transmission of sales taxes to the California DMV does not satisfy the

23   constitutional minimum requirements for this Court to exercise personal

24   jurisdiction over it.

25        In sum, none of the contacts alleged by Plaintiff establish that Hennessy

26   expressly aimed its conduct at California. Therefore, Plaintiff has not met the

27   second prong of the purposeful direction test.

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*iii.    Hennessy Ford did not cause harm n California*

Despite Plaintiff's contentions, her harm is not tethered to California in any meaningful way.  Plaintiff never took the Car back to California.  Plaintiff alleges that she suffered emotional distress from "anxiety of adverse encounters with law enforcements agencies when the Plaintiff is in naked possession of a vehicle, but unable to produce any form of registration or title."   [Doc. 34 at 16.]  But the Car was always in Georgia.  Therefore, if any such harm supported a claim against Hennessy Ford (which Hennessy Ford denies) the harm was suffered in Georgia.  Lastly, Plaintiff's inability to access any funds allegedly converted is an injury entirely personal to her and would follow her wherever she may choose to travel.  See Picot, 780 F.3d at 1206. Therefore, Plaintiff has failed to allege facts demonstrating harm in California.

2.    Any harm Plaintiff claims to have suffered does not arise from Hennessy Ford's contacts with California.

The second prong of the specific jurisdiction test requires that the plaintiff's claims arise out of the defendant's forum-related activities. To determine whether the plaintiff's claims arise from the defendant's forum-related activities, courts use a traditional "but for" causation analysis. AirWair Int'l Ltd. v. Schultz, 73 F. Supp. 3d 1225, 1238 (N.D. Cal. 2014).  Plaintiff's claims arise from alleged misrepresentation and/or omissions by Hennessy Ford that could only have occurred in Georgia; not from the collection and transmission of the sales taxes to the California DMV.  In fact, if Hennessy Ford did not collect and send the sales taxes to the California DMV, Plaintiff's harm – the lack of registration in California – would still exist.

Plaintiff appears to rely on contacts that Capital One Automotive Financing and Ford Motor Company have with California to support the exercise of personal jurisdiction over Hennessy Ford.  But, even if the contacts of those third

6

parties could properly be considered, Plaintiff's claims do not arise from those contacts.   Plaintiff dealt solely with Hennessy Ford in connection with her purchase of the Car.   Only Hennessy Ford's contacts should be considered. Buelow, 2017 WL 2813179 at *4 (holding "although [plaintiff] correctly points out that the transaction has some California nexus because of the connections to American Honda and Honda Finance, those connections do not relate to the misrepresentations at issue here.")  Therefore, Plaintiff has not shown any alleged harm arising out of Hennessy Ford's contacts with California.

> 3.   The exercise of personal jurisdiction over Hennessy Ford would be unreasonable.

In determining whether the exercise of jurisdiction comports with fair play and substantial justice the court must consider seven factors: (1) the extent of the defendants' purposeful injection into the forum state's affairs, (2) the burden on the defendant of defending in the forum, (3) the extent of the conflict with the sovereignty of the defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum.  Watts, 303 F.3d at 1114.  No one factor is dispositive; a court must balance all seven. AirWair, 73 F. Supp. 3d, at 1238.

> i.   Hennessy Ford did not purposefully inject itself in California to any meaningful degree.

"The smaller the element of purposeful injection, the less is jurisdiction to be anticipated and the less reasonable is [the] exercise" of personal jurisdiction over a non-resident.  Core-Vent Corp. v. Nobel Indus. AB, 11 F.3d 1482, 1488 (9th Cir. 1993).   In this case Hennessy Ford does not own any property in California and does not conduct regular business in the state.   Hennessy Ford's

only "injection," into California arose incidentally from a Georgia transaction – i.e., the collection of taxes and registration fees for Plaintiff's Car.   That negligible of contact with California means this factor weighs against the exercise of personal jurisdiction.

> ii.   *The burden on Hennessy Ford of defending in California is significant.*

Hennessy Ford does not maintain any ongoing presence in California. All of Hennessy Ford's key employees and witnesses are in Georgia. While the advances in transportation, communications, and increase of interstate practice of law eases the burden, Hennessy Ford is nonetheless required to defend an action across the country rather than in the state where it is organized and maintains its only places of business.

> iii.   *There is no conflict with Georgia's interest.*

As Hennessy Ford is a not a citizen of a foreign country, but instead a citizen from a sister state, any conflicting sovereignty interests can be accommodated through choice-of-law rules. <u>Nelson Motivation, Inc. v. Walton Motivation, Inc.</u>, No. CV16-1843-RSWL-MRWx, 2016 WL 4086767 (C.D. Cal. July 29, 2016).  Thus, this factor is neutral. <u>Id.</u>

> iv.   *California does not have a compelling interest in the forum for this dispute.*

Plaintiff went to Georgia to buy the Car, contracted with a Georgia corporation in Georgia, and took delivery of the Car in Georgia.  Any alleged breach of contract or tort in this case took place in Georgia.  While California does maintain a strong interest in providing an effective means of redress for injuries to its alleged residents, that interest is severely restricted in this case. Thus, this factor is more neutral than in most cases.

### v.   This case is more efficiently resolved in Georgia

This factor focuses on the location of the evidence and witnesses. Id. (citing Panavision Int'l L.P. v. Toeppen, 141 F.3d 1316 (9th Cir. 1998)). Plaintiff's Opposition states "the material witnesses including the California DMV are located in the district."  However, Plaintiff's entire cause of action is based on actions performed or statements made in Georgia by individuals located in Georgia. [See Doc. 18 ¶¶ 5, 8, 12, 13, 18, 21, 33, 43-48, 50, 63, and 66 (specifically naming and discussing the actions and statements of Bill Platcher, Natasha Patterson, Eric Shepard, Jennifer Barlett, and Rick Thomas).]  Further, Plaintiff's Opposition also questions the ability of the Car to pass a smog inspection, which is also located in Georgia. [Doc. 34 at 18 (stating "there is no evidence in the record that the car could in fact pass California inspection or meet verification requirements sufficient to transfer good title to Plaintiff").]   In summary, the vast majority of the witnesses and evidence for this case are located in Georgia. Therefore, this factor weighs heavily against the exercise of personal jurisdiction in California.

### vi.   California is only slightly more convenient to Plaintiff than Georgia

"Neither the Supreme Court nor the Ninth Circuit has given much weight to inconvenience to the Plaintiff."  Thus, "this factor is insignificant." Core-Vent, 11 F.3d, at 1490.  If the Court were to consider it, the facts demonstrate very little inconvenience to Plaintiff if the case is litigated in Georgia.  Plaintiff clearly regularly travels to and conducts business Georgia.  She is the founder and principal of two Georgia-based companies and came to Georgia to buy the Car that is at issue here.

*vii.     Georgia is a more appropriate forum*

Plaintiff clearly has an alternative forum in the Northern District of Georgia. Hennessy Ford's principal place of business is located in the district, thus personal jurisdiction and venue are proper there.

*viii.    Conclusion*

Weighing of the relevant factors demonstrates that the exercise of personal jurisdiction over Hennessy Ford in California in this case is unreasonable. Hennessy Ford's injection in the forum was negligible.  The burden on Hennessy Ford to defend the action in California, the efficient resolution of the action, and the availability of an alternate forum all weigh against the reasonableness of exercising jurisdiction.   The only factor pointing towards jurisdiction being reasonable is California's interest in the litigation.   Therefore, subjecting Hennessy Ford to litigation in California is unreasonable, and this Court should dismiss this action for lack of personal jurisdiction.

**B.     Venue is not proper in this Court.**

Once venue has been challenged, the plaintiff bears the burden of proving that venue is proper.  Schreiber v. RedHawk Holdings Corp., No. 17CV824-WQH-BLM, 2017 WL 4271972, at *4 (S.D. Cal. Sept. 26, 2017).  On a motion to dismiss for improper venue, the plaintiff's pleadings need not be accepted as true, and facts outside the pleadings may be considered.  Id. Venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is subject of the action is situated." 28 U.S.C. 1391(b)(2).[1]   When considering whether venue is proper under Section 1319(b)(2) only the events that directly give rise to a claim are relevant.  Lawler v. Tarallo, No. C 13-03284 MEJ, 2013 WL 5755685, at *3 (Oct.

---

[1]     Plaintiff does not appear to argue that any basis for venue exists under 28 U.S.C. §§ 1391(b)(1) or (b)(3).

23, 2013) (quoting <u>Jenkins Brick Co. v. Bremer</u>, 321 F.3d 1366, 1371 (3rd Cir. 2003)).  Since the events or omissions giving rise to the plaintiff's claim must be substantial, events or omissions that might only have some tangential connection with the dispute in litigation are not enough.  <u>Lawler</u>, 2013 WL 5755685 at *3.  Further, in determining whether events or omissions are sufficiently substantial to support venue under Section 1391(a)(2), the Court should generally focus on activities of the defendant and not the activities of plaintiff. <u>Id.</u>

The court in <u>Schreiber v. RedHawk</u> considered whether venue was proper under Section 1391(b)(2).   2017 WL 4271972.   There, the plaintiff alleged "Plaintiff resides in the Southern District of California and a substantial part of the events giving rise to Plaintiff's claims against Defendants occurred or were intended to cause damage to Plaintiff in the Southern District of California." 2017 WL 4271972 at *4. However, the plaintiff failed to allege any of the actions causing his harm took place in the district.  <u>Id.</u>  Instead, the court held the actions of the defendant took place at its headquarters in Louisiana.  <u>Id.</u>  Therefore, the court held the plaintiff failed to properly allege sufficient facts or provide sufficient evidence to establish that a substantial part of the events or omissions giving rise to the claim occurred in the Southern District of California.  <u>Id.</u>

The facts here are nearly identical to those in <u>Schrieber</u>.  In this case, each and every wrongful act or omission Plaintiff alleges occurred in Georgia.   The sale of the Car occurred in Georgia; any alleged misrepresentations occurred in Georgia; and any alleged improper act or omission by Hennessy Ford regarding the submission of registration sales taxes or documents occurred in Georgia.  Therefore, as in <u>Schrieber</u>, Plaintiff has failed to allege any action giving rise to her claims that occurred in this district.

Even if the locus of Plaintiff's injury is a relevant factor in determining whether venue is proper, Plaintiff's harm was felt in Georgia. The property

Plaintiff contends was converted and interfered with is located in Georgia. Further, any emotional distress Plaintiff may have felt as a result of "adverse encounters with law enforcement agencies when Plaintiff is in naked possession of a vehicle, but unable to produce any form of registration or title" could have only been felt in Georgia.  "The fact that Plaintiff may have incurred damage in California – even if a relevant factor – is not enough, standing alone, to demonstrate that a substantial part of the events giving rise to [her] claims occurred in this District."  Lawler, 2013 WL 5755685 at *4.  Therefore venue is not proper in this Court.

C.     **If not dismissed, this action should be transferred to the United States District Court for the Northern District of Georgia.**

For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been bought or to any district or division to which all parties have consented.  28 U.S.C. § 1404(a).  First, the Court must determine if the action could have been brought in the venue to which transfer is sought.  Dillon v. Murphy & Hourihane, LLP, No. 14-CV-01908-BLF, 2014 WL 5409040, *12 (N.D. Cal. Oct. 22, 2014).  This action could be properly brought in the Northern District of Georgia.  The claims arose from events in Georgia and Hennessy Ford is subject to personal jurisdiction there.

Second, the Court must weigh multiple factors, including: (i) the location where the relevant agreements were negotiated and executed, (ii) the state that is most familiar with the governing law, (iii) the plaintiff's choice of forum, (iv) the respective parties' contacts with the forum, (v) the contacts relating to the plaintiff's cause of action in the chosen forum, (vi) the differences in the costs of litigation in the two forums, (vii) the availability of compulsory process to compel

1  attendance of unwilling non-party witnesses, and (viii) the ease of access to
2  sources of proof.  Id.

3        1.    The relevant agreements are in Georgia.

4        The relevant agreements in this case were negotiated and executed in
5  Georgia.   The originals of those documents are there.   Plaintiff points to her
6  financing agreement with Capital One (which she claims were consummated in
7  California) as being relevant.  They are not.  Buelow, 2017 WL 2813179, at *4.
8  According to her own pleadings, "Plaintiff did not seek any dealer-assisted
9  financing and came prepared for a cash purchase and or execution of a pre-
10 approved financing offer by Capital One Automotive Financing."  [Doc. 18 ¶ 6].
11 Her agreement with Capital One is irrelevant.  Plaintiff's claims arise solely from
12 the purchase of the Vehicle, which is evidence by the Bill of Sale. Thus, this
13 factor weighs in favor of transferring this case.

14       2.    A court in Georgia would be more familiar with the law
15             applicable in this case.

16       Plaintiff makes claims under both the laws of Georgia and California, but
17 the real crux of her claims – fraud and misrepresentation – will be governed by
18 Georgia law.  [See Doc. 18 Counts IV and V.] This factor weighs in favor of
19 transferring venue.

20       3.    The Plaintiff chose a California forum.

21       While substantial consideration is generally given to plaintiff's choice of
22 forum,  the  degree  of  deference  is  substantially  diminished  in  several
23 circumstances, including where the conduct giving rise to the claims occurred in a
24 different forum.  Park v. Dole Fresh Vegetables, Inc., 964 F. Supp.2d 1088, 1094
25 (N.D. Cal. 2013) (citing Lou v. Belzberg, 834 F.2d 730, 739 (9th Cir.1987)).
26 Here, as explained above, all of the conduct giving rise to Plaintiff's claims
27 occurred in Georgia. Therefore, this factor is neutral.

28

4.  <u>The parties' contacts with the forum weigh in favor of transfer.</u>

Plaintiff may have a connection to the forum, but Hennessy Ford does not. All of the alleged connections in this case are connections based on Plaintiff's actions, and as explained above, Plaintiff's connections to the forum cannot be imputed to Hennessy Ford.  <u>Lawler</u>, 2013 WL 5755685, at *3. Therefore, this factor weighs in favor of transfer.

5.  <u>The contacts between Plaintiff's claims and the forum weigh in favor of transfer.</u>

As explained above, Hennessy Ford's only contacts with this district relating to Plaintiff's causes of action is the mailing a letter to the California DMV.  In contrast, Plaintiff has several contacts relating to her cause of action with the Northern District of Georgia, including: (i) negotiating, executing, and performing the Bill of Sale; (ii) taking possession of the Car; (iii) allegedly relying on any misrepresentations made by Hennessy Ford; and (iv) storing and operating the Car in the district.  Therefore, this factor weighs in favor of transfer.

6.  <u>The costs of litigation weigh in favor of transfer.</u>

"Generally, litigation costs are reduced when venue is located near the most witnesses expected to testify, and the convenience of witnesses is often the most important factor in resolving a motion to transfer."  <u>Park</u>, 964 F. Supp. 2d, at 1095.  While Plaintiff states the material witnesses are located in the Northern District of California, all of Plaintiff's claims are based on actions, statements and omissions alleged made by individuals located in Georgia. [<u>See</u> Doc. 18 ¶¶ 5, 8, 12, 13, 18, 21, 33, 43-48, 50, 63, and 66 (specifically naming and discussing the actions and statements of Bill Platcher, Natasha Patterson, Eric Shepard, Jennifer Barlett, and Rick Thomas).]  The number and materiality of these witnesses far outweighs any witnesses required from the State of California. Additionally,

litigating this case in California will require Hennessy Ford to employ two sets of lawyers. Plaintiff, on the other hand, is a lawyer – acting on own her own behalf. Cost for the parties collectively will be significantly less if the case is heard in Georgia. Therefore, this factor weighs in favor of transfer.

7.  <u>Both California and Georgia offer compulsory process to the parties.</u>

The subpoena power of this Court compared to the subpoena power of the Northern District of Georgia is the same. Therefore, this factor is neutral.

8.  <u>The ease of access to sources of proof weighs in favor of transfer</u>

Although developments in electronic communication have reduced the cost of document transfer somewhat, cost of litigation can still be substantially lessened if the venue is in the district in which most of the documentary evidence is stored. <u>Park</u>, 964 F. Supp. 2d at 1095. In this case the vast majority of the material documents pertaining to the sale of the Car are located in the Northern District of Georgia. Further, the Car is stored in the Northern District of Georgia. Plaintiff's Opposition states the location of the Car "is not material at this point since the claims in this case do not concern the physical condition of the vehicle." [Doc. 34 at 20.] However, just over one page earlier, Plaintiff puts the condition of the car at issue, stating "there is no evidence in the record that the car could in fact pass California inspection or meet verification requirements sufficient to transfer good title to Plaintiff." [*Id.* at 18.] Thus, this factor weighs in favor of transfer.

Therefore, based on the location of the majority of the witnesses and lack of contact with the forum, this action should be transferred to the United States District Court for the Northern District of Georgia in the convenience of the parties and interest of justice.

## III.    <u>CONCLUSION</u>

For the reasons set forth above and in Hennessy Ford's Motion to Dismiss, Plaintiff's FAC should be dismissed based on a lack of subject matter, personal jurisdiction, improper venue, and/or failure to state a claim.  If not dismissed, the case should be transferred to the United States District Court for the Northern District of Georgia.

Dated: June 11, 2018.                              KABAT CHAPMAN & OZMER LLP


By: /s/ Kristapor Vartanian
      J. Scott Carr
      Kristapor Vartanian

  /s/  William J. Sheppard
      William Sheppard
      L. Joseph Potente
      Admitted Pro Hac Vice

      *Attorneys for Defendant*

**<u>PROOF OF SERVICE</u>**

**U.S. DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA**

I am employed in the County of Los Angeles, State of California; I am over the age of 18 and not a party to the within action; my business address is 515 S. Flower Street, 36th Floor, Los Angeles, California 90071.

On June 12, 2018, I served the foregoing document(s) described as **DEFENDANT BERWYN PARTNERS, INC.'S RELY TO PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS THE FIRST AMENDED COMPLAINT** on the interested parties to this action by delivering a copy thereof in a sealed envelope addressed to each of said interested parties at the following address(es): SEE ATTACHED LIST

☐   **(BY MAIL)** I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service. This correspondence shall be deposited with the United States Postal Service this same day in the ordinary course of business at our Firm's office address in Los Angeles, California. Service made pursuant to this paragraph, upon motion of a party served, shall be presumed invalid if the postal cancellation date of postage meter date on the envelope is more than one day after the date of deposit for mailing contained in this affidavit.

☒   **(BY ELECTRONIC SERVICE)** by causing the foregoing document(s) to be electronically filed using the Court's Electronic Filing System which constitutes service of the filed document(s) on the individual(s) listed on the attached mailing list.

☐   **(BY E-MAIL SERVICE)** I caused such document to be delivered electronically via e-mail to the e-mail address of the addressee(s) set forth in the attached service list.

☐   **(BY OVERNIGHT DELIVERY)** I served the foregoing document by FedEx, an express service carrier which provides overnight delivery, as follows: I placed true copies of the foregoing document in sealed envelopes or packages designated by the express service carrier, addressed to each interested party as set forth above, with fees for overnight delivery paid or provided for.

☒   (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. I declare under penalty of perjury that the above is true and correct.

Executed on June 11, 2018, at Los Angeles, California.

　_/s/ Kristapor Vartanian_
Kristapor Vartanian

---

PROOF OF SERVICE – CASE NO. 4:18-cv-1991-JSW

**SERVICE LIST**

S.R. Mitchell
2132 Longview Drive
San Leandro, California 94577

S.R. Mitchell
7 Executive Park Drive, NE
Apt 1116
Atlanta, Georgia 30329

S.R. Mitchell
3705 Meadow Vista Trail
Lithonia, Georgia 30038
raye@rayemitchell.com
mitchellsr@aol.com

*Plaintiff*

## **PROOF OF SERVICE**

### **U.S. DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA**

I am employed in the County of Fulton, State of Georgia; I am over the age of 18 and not a party to the within action; my business address is 171 17th Street NW, Suite 1550, Atlanta, Georgia 30363.

On June 12, 2018, I served the foregoing document(s) described as **DEFENDANT BERWYN PARTNERS, INC.'S RELY TO PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS THE FIRST AMENDED COMPLAINT** on the interested parties to this action by delivering a copy thereof in a sealed envelope addressed to each of said interested parties at the following address(es): SEE ATTACHED LIST

☒  **(BY MAIL)** I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service. This correspondence shall be deposited with the United States Postal Service this same day in the ordinary course of business at our Firm's office address in Los Angeles, California. Service made pursuant to this paragraph, upon motion of a party served, shall be presumed invalid if the postal cancellation date of postage meter date on the envelope is more than one day after the date of deposit for mailing contained in this affidavit.

☐  **(BY ELECTRONIC SERVICE)** by causing the foregoing document(s) to be electronically filed using the Court's Electronic Filing System which constitutes service of the filed document(s) on the individual(s) listed on the attached mailing list.

☐  **(BY E-MAIL SERVICE)** I caused such document to be delivered electronically via e-mail to the e-mail address of the addressee(s) set forth in the attached service list.

☐  **(BY OVERNIGHT DELIVERY)** I served the foregoing document by FedEx, an express service carrier which provides overnight delivery, as follows: I placed true copies of the foregoing document in sealed envelopes or packages designated by the express service carrier, addressed to each interested party as set forth above, with fees for overnight delivery paid or provided for.

☒  (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. I declare under penalty of perjury that the above is true and correct.

Executed on June 12, 2018, at Atlanta, Georgia.

SHIRL WASHINGTON

1

**SERVICE LIST**

2

3    S.R. Mitchell
     2132 Longview Drive
4    San Leandro, California 94577

5    S.R. Mitchell
     7 Executive Park Drive, NE
6    Apt 1116
     Atlanta, Georgia 30329
7

8    S.R. Mitchell
     3705 Meadow Vista Trail
9    Lithonia, Georgia 30038
     raye@rayemitchell.com
10   mitchellsr@aol.com

11

12   *Plaintiff*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28